IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES BRASSELL                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:05CV476LS

ROBERT TURNER, JR.                                                                         DEFENDANT

## ORDER

This case is based on an allegation by the Plaintiff that he was falsely arrested by the Defendant, a Hinds County Deputy Sheriff, on charges of resisting service of process. It is currently before the court on the Plaintiff's Motion to Compel Discovery, to which the Defendant has objected. The court has reviewed the Motion and the related pleadings and makes the following rulings on the individual discovery requests:

**Request for Production No. 6:** This request sought copies of statements regarding the incident at issue in this matter. The Defendant has submitted one document and claims that there is no other document in his possession. The Plaintiff argues that other documents likely exist, as it is the common practice of the Hinds County Sheriff's Department to obtain statements from other officers with knowledge. The Defendant is an employee of the Hinds County Sheriff's Department, sued in his individual capacity, and the undersigned is of the opinion that these documents, if they exist, are not in his possession, custody or control. Therefore, the Motion to Compel is denied as to these documents, which must be sought from the Sheriff's Department.

**Request for Production No. 7:** This request seeks the Sheriff Department's policies, procedures, orders and directions related to the service of process of legal documents. The Defendant argued that they are not relevant; however, the court disagrees. To the extent that process

was not properly attempted, a defense may exist to the charge of resisting process. Therefore, the Motion to Compel is granted, and, if the Defendant is in possession of these documents, they should be produced.

**Request for Production No. 8:** This request seeks the Defendant's personnel file. The Defendant objected, on grounds that he is being sued in his individual capacity. Alternatively, the Defendant argues that only a redacted version should be produced under a protective order. The court agrees that information contained in the file could be relevant, but is of the opinion that the file could contain personal information that is not relevant to this matter. Therefore, the Motion to Compel is granted as to this request, but only to the extent that, if the Defendant has possession of or control over this file, it shall be produced to the court for a *in camera* inspection and determination of whether any information should be produced. Additionally, the parties shall engage in the preparation of a confidentiality agreement and protective order relevant to this file and any other information deemed to be confidential. If the parties cannot agree on such an order, then they are to submit separate orders, and the court will enter the most reasonable.

**Request for Production No. 11:** This Request seeks the Sheriff Department's internal affairs file on this document. The Defendant has responded that he is sued in his individual capacity only, and, therefore, the discovery responses contain only his personal knowledge. He believes that no such file exists. The Plaintiff argues that the Defendant is sued under color of state law; that does not establish, however, that the Defendant has possession, custody, or control over his employer's documents. The Motion to Compel is denied as to this request.

**Interrogatory No. 7:** This request seeks the identity of all persons that the Defendant has arrested for resisting service of process for the last five years. The Defendant objects that the

information is unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. The Plaintiff argues that the information could be admissible to show a pattern or lack of mistake. The court agrees, and the Motion to Compel is granted as to this request.

**Interrogatory No. 9, 10, 12 and 13:** This request asks the Defendant to describe the events on the day of the arrest, from the time that he came on duty "up to an including your first contact with Plaintiff," then his encounter with the Plaintiff, then the reasons he believed that the Plaintiff was committing a crime, then the role of other people involved in the encounter, arrest, apprehension, detention or transportation of the Plaintiff. The Defendant objects on grounds that the request seeks a narrative response and that a deposition would be the best form of discovery.

As the Defendant points out, several Kansas cases have refused to compel responses to interrogatories seeking "narrative" responses. *See, e.g., Williams v. Sprint/United Management Co.*, 235 F.R.D. 494 (D. Kan. 2006); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997). However, it is the opinion of this court that the proper analysis is not whether the question seeks a response in a narrative form (which is, ordinarily, the proper manner in which to respond to an interrogatory), but consideration of the **extent** of the response required. *See, e.g., Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836 at *6 (D. Colo. 2006) (citing *Hilt* to characterize overly expansive interrogatories as "blockbuster" and finding them improper); *United States v. The Louisiana Clinic*, No. Civ. A. 99-1767, 2003 WL 21283944 at *6 (E.D. La. 2003) (rejecting a request to compel a response to an interrogatory seeking an explanation of why and how each produced document related to each claim, stating, "[R]elators should not have to try their case in the context of a response to interrogatories."); *Collins v. J. C. Nichols Co.*, No. 90-0389-CV-W-8, 1991 WL 186999 at *2 (W.D. Mo. 1991) (finding that interrogatories sought a lengthy narrative response,

but that the need for the information sought outweighed the burden in producing it.). Moreover, the fact that the information could also be sought by way of a deposition is not grounds for refusing to answer an interrogatory, so long as the answer can be made without imposing an undue burden on the responsive party. Fed. R. Civ. P. 26(d) (discovery may occur in any sequence).

Using this analysis, the court finds that Interrogatory No. 9 is overly broad and unduly burdensome, as it asks for the Defendant's "actions" on the subject date, which could include every time he scratched his nose. The Motion to Compel is denied as to this Interrogatory. Similarly, Interrogatory No. 10, which asks for a description of the Defendant's encounter with the Plaintiff, could include a recitation of weather conditions. The Motion to Compel is also denied as to Interrogatory No. 10. The Plaintiff may seek this information during the Defendant's deposition, where the questions can be more narrowly tailored.

Interrogatory No. 12 is actually a "contention interrogatory," which is permitted, under certain conditions, by Fed. R. Civ. P. 33(c):

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

While this Rule permits contention interrogatories, the scope and timing are governed by the court's discretion. As recognized by the Advisory Committee's Notes on this Rule, contention interrogatories often involve "mixed questions of law and fact [that] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, [therefore] the court is expressly authorized to defer an answer." When ruling on this type of discovery tool, many courts have been guided by the opinion in *In re Convergent Technologies*

*Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985). There, the court identified four types of contention interrogatories:

1. Those that begin, "Do you contend that . . . .";

2. Those that ask for all the facts on which a contention is based;

3. Those that ask a party to take a position and then explain or defend that position, with respect to how the law applies to the facts; and

4. Those that ask a party to explain the legal position behind a contention.

108 F.R.D. at 332. The opinion in that case traced the history of the use of this particular discovery device, drawing from the *Revised Report of the Special Committee on Effective Discovery in Civil Cases for the Eastern District of New York to the Honorable Jack B. Weinstein, Chief Judge*, United States District Court for the Eastern District of New York, Standing Orders of the Court on Effective Discovery in Civil Cases 19 (eff. Mar. 1, 1984), and the *Manual for Complex Litigation II* (Feb. 1985) (draft). Both publications advised caution in permitting the use of contention interrogatories early in the discovery process, on grounds that, at that stage, they are more likely used for harassment than as a useful discovery device. 108 F.R.D. at 335-36. Thus, the court held:

> [T]here is substantial reason to believe that the *early* knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse. Such comprehensive sets of contention interrogatories can be almost mindlessly generated, can be used to impose great burdens on opponents, and can generate a great deal of counterproductive friction between parties and counsel."

108 F.R.D. at 337. To prevent that abuse, the court held that a party serving early contention interrogatories would bear the burden of justifying their use. Thus, that party would have to show that the interrogatories were limited, specifically crafted questions seeking responses that would

5

"contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Id*. at 338; *see also* Ian D. Johnston & Robert G. Johnston, *Contention Interrogatories in Federal Court*, 148 F.R.D. 441, 444 (1993). ("Although courts have generally approved of appropriately timed contention interrogatories because they can narrow issues, avoid wasteful preparation and expedite litigation, courts are reluctant to require a party to 'write basically a portion of their trial' for the other parties."), quoting *Roberts v. Helm*, 130 F.R.D. 424, 427 (N.D. Cal. 1989).

Interrogatory No. 12 seeks to have the Defendant support a position that he had before this litigation began – i.e., that there was a reason to arrest the Plaintiff. As such, the court finds that the Interrogatory is not premature and should be answered. Therefore, the Motion to Compel will be granted as to this request.

Interrogatory No. 13 seeks information on the part each person named in the response to Interrogatory No. 11 played in the subject incident. As Interrogatory No. 11 is not before the court, it is difficult to determine whether the Interrogatory is overly broad; however, it appears to seek factual information that should be readily known to the Defendant. Therefore, the Motion to Compel will be granted as to this Interrogatory.

**Interrogatory No. 15:** This Interrogatory asks the length of time that the Plaintiff was held by the Hinds County Sheriff's Department. The Defendant, who was not personally involved with the Plaintiff's detention, responded by providing a copy of the arrest report. Technically, this was not a correct response to an Interrogatory, as a narrative response should have been given. However, again, the Plaintiff has chosen to sue only the Defendant, in an individual capacity. Therefore, he

6

cannot expect the Defendant to have personal information regarding the actions of his employer. The Plaintiff argues that he should identify persons with knowledge; however, that information was not sought by the Interrogatory. The Motion to Compel is denied as to this request.

**Interrogatory No. 16:** This Interrogatory seeks the identification of all documents related to the Plaintiff's arrest. The Defendant provided some documents; however, the Plaintiff believes the response to be incomplete. The Motion to Compel will be granted as to this request, but only to the extent that the Defendant should respond, in a narrative form, not by production of documents, by identifying all responsive documents about which he has personal knowledge.

**Interrogatory No. 18, 21, 22, 23, 26, 27, 28, and 29:** These Interrogatories seek all facts supporting the Defendants defenses. These are contention interrogatories, as discussed above, and the court is of the opinion that they are premature. The Motion to Compel will be denied as to these requests at this time; however, within ten days after the close of discovery, the Defendant shall submit responses to these Interrogatories.

**Interrogatory No. 30:** This Interrogatory asks for the identity of all documents relating to the Complaint. In response, the Defendant has apparently produced several documents. The Motion to Compel as to this request will be granted, but only to the extent that the Defendant should respond, in a narrative form, not by production of documents, by identifying all responsive documents about which he has personal knowledge.

IT IS, THEREFORE, ORDERED, that the Plaintiff's Motion to Compel is hereby **granted** in part and **denied** in part, as explained above. The Defendant shall produce the information on which the Motion is granted to the Plaintiff (as well as the personnel file to the court) on or before July 24, 2006.

IT IS FURTHER ORDERED that the parties shall submit an Agreed Protective Order and Confidentiality Agreement, or separate proposed Protective Orders and Confidentiality Agreements, on or before July 31, 2006.

IT IS SO ORDERED, this the 28th day of June, 2006.

                                            S/James C. Sumner
                                   UNITED STATES MAGISTRATE JUDGE