## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

JAMES BRASSELL	PLAINTIFF

VS.	CIVIL ACTION NO. 3:05CV476LS

ROBERT TURNER, JR.	DEFENDANT

## ORDER

This case is before the court on two pleadings filed by the Defendant titled "Objections to and Motion to Quash Subpoena." Fed. R. Civ. P. 45(c)(2)(B) permits a party upon whom a subpoena duces tecum has been served to tender objections to the party seeking documents, at which time the subpoena becomes unenforceable. No motion is necessary to protect the producing person's interest. However, it does not appear from the language of the Rule that this procedure is available to a third party to the subpoena.

A third party to a subpoena may, however, file a motion to quash, under the circumstances described in Rule 45(c)(3)(A) or (B), or, if that person is a party, he may move for a protective order. In either event, the motion must be accompanied by a Certificate of Good Faith. Fed. R. Civ. P. 26(c) requires a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action . . . ." Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order.

This requirement is not an empty formality. On the contrary, it has been the court's experience that obliging attorneys to certify to the court that they have conferred in good faith results, in a large number of cases, in counsel's resolving their discovery disputes without court intervention. Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue; instead, the court requires both attorneys to certify that they conferred on the discovery issues in an attempt to resolve them.

Because no Certificate of Good Faith is attached to the Motion for Protective Order, that motion will be denied. This denial is without prejudice to the Defendant's right to file a subsequent Motion for Protective Order with the appropriate attachment.

IT IS, THEREFORE, ORDERED that the Motions to Quash Subpoena are hereby **denied**.

IT IS SO ORDERED, this the 18th day of July, 2006.

S/James C. Sumner  
UNITED STATES MAGISTRATE JUDGE