IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES BRASSELL**                                                      **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:05CV476LS**

**ROBERT TURNER, JR.**                                      **DEFENDANT**

## ORDER

This case is before the court on the Motion to Quash Subpoena filed by Malcolm McMillin and by the Defendant in this matter. The subject of the Motion is a recent subpoena *duces tecum* served on Sheriff McMillin by the Plaintiff in this matter. The objection to the subpoena is based upon several arguments – the court has already determined that some of the documents are not subject to discovery, some of the documents have already been produced in response to discovery requests, the subpoena is not in compliance with Fed. R. Civ. P. 45(c)(1) and/or (2)(b), some of the documents are not under the control of Sheriff McMillin, and the subpoena is unduly burdensome.

With respect to items that have already been determined to be outside the scope of discovery, the subpoena should be quashed. Additionally, if the documents have been produced in response to some other discovery request, they need not be produced again. The court declines to quash the subpoena on grounds that the Plaintiff was not in technical compliance with Rule 45's requirement of prior notice to the parties, as counsel for Sheriff McMillin is the same as counsel for the Defendant. With regard to any documents over which Sheriff McMillin does not exercise control, he cannot produce them, and, therefore, cannot comply with the terms of the subpoena. The arguments regarding relevance and burden are not specifically articulated, and the court cannot rule

on them. Therefore, any documents subject to the subpoena that are not covered by the preceding language should be produced.

IT IS, THEREFORE, ORDERED that the Motions to Quash are hereby **granted** in part and **denied** in part, as further explained above. Any documents required to be produced by the terms of this Order should be served on the Plaintiff on or before September 20, 2006.

IT IS SO ORDERED, this the 6th day of August, 2006.

S/James C. Sumner<br>
UNITED STATES MAGISTRATE JUDGE